EHRLICH, Chief Justice,
dissenting.
The complaint herein was filed May 21, 1987. During the pendency of these proceedings, respondent filed a petition for leave to resign with leave to reapply for readmission to the bar within three years, rather than the five-year period mandated by the Florida Rules of Professional Conduct. The bar filed its objections to the petition but interposed no objection if the petition for leave to resign were without leave to reapply. This Court denied the petition.
The referee found the respondent guilty of all charges which included responsibility for alteration of a notarization, multiple cases of neglect, misrepresentation to the court, making false statements to the court, and trust account violations, and recommended that respondent be suspended from practice for a period of three years. Respondent was apparently satisfied with the discipline imposed because he did not *902 file a petition for review. Seemingly, the bar was likewise satisfied because it did not file a petition for review.
In my opinion, the misconduct in question clearly merits disbarment. For purposes of practicality, respondent is better off than if he had been permitted to resign from the bar. If the latter had been permitted, then he would have had to go through the readmission process which includes successfully taking The Florida Bar Examination and meeting this Court’s criteria for character and fitness, before being readmitted. But as it is, respondent only has to prove rehabilitation.